**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAYWANA PALMER, as Administrator of the Estate of ROMELLO PALMER, deceased, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, Kenneth Moranz, Star #5687, Nicholas Nunez, Star #13672, Emil Hageline, Star #3213, Mitchell English, Star #7647, Nicholas Mukite, Star 15038, and Brian Collins, Star #16773, | ) ) ) ) ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Jaywana Palmer, as Administrator of the Estate of Romello Palmer, by and through one of her attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof state as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. §§1331 and 1343(a); and Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

### THE PARTIES

4. Plaintiff Jaywana Palmer is a resident of the United States and resides in the Northern District of Illinois. Jaywana Palmer is the mother of the decedent.

5. Plaintiff Jaywana Palmer, as administrator of the estate, also represents Romello Palmer (hereinafter "Decedent") who was, at the time of his death, a 21 year-old resident of Chicago, Illinois.

6. Kenneth Moranz, Star #5687, Nicholas Nunez, Star #13672, Emil Hageline, Star #3213, Mitchell English, Star #7647, Nicholas Mukite, Star 15038, Brian Collins, Star #16773, and additional unknown officers, are present or former employees of the City of Chicago. Defendant Officers acted under their authority as duly appointed police officers of the City of Chicago Police Department at all relevant times, and are sued in their individual and official capacity.

7. Ricardo Soto and John Fernandez were paramedics employed by the City of Chicago and acting within the scope of their employment at all relevant times. Soto and Fernandez appeared at the scene of the incident after police arrived.

8. Firefighters Porras, Schermer, Ortiz, Matthew Andersen, and Skanes were employed by the City of Chicago and acting within the scope of their employment at all relevant times. Porras, Schermer, Ortiz, Andersen and Skanes appeared at the scene of the incident after police arrived.

9. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the state of Illinois, and is or was the employer and principal of the individual defendants. At all times relevant hereto, Defendants were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## **BACKGROUND**

10. On the evening of September 4, 2017, Defendants Moranz and Nunez stopped Romello Palmer behind a building at 1556 S. Pulaski Road in Chicago, Illinois.

11. Romello Palmer fell to the ground near the front driver's side wheel of a parked car and one Defendant cuffed Palmer behind his back.

12. When Defendants Moranz and Nunez first observed Romello Palmer, Palmer was having difficulty breathing and looked sick or under the influence of alcohol or drugs.

13. Defendants put handcuffs on Palmer, even though it was immediately apparent that Palmer was losing consciousness and in need of urgent medical attention.

14. Romello Palmer asked Defendants Moranz and Nunez for help, but his requests were ignored.

15. Instead, Moranz and Nunez yelled at Palmer multiple times to "get up."

16. One Defendant told Palmer, "You're not even trying to fucking move."

17. Once cuffed, Palmer was unconscious or nearly unconscious and unable to communicate or move; nevertheless Defendants Moranz and Nunez forced Palmer to lie on his back on the ground, did not assist him, .

18. For a time, Palmer's head was partially underneath the wheel of the car he was next to, but Defendants Moranz and Nunez did not move him.

19. Defendants Moranz and Nunez did not provide, or attempt to provide, any medical care to Palmer.

20. Defendants Moranz and Nunez did not immediately call for medical assistance for Palmer.

21. Instead, Defendants Moranz and Nunez yelled at Palmer to "get up" and left Palmer on the ground, unconscious, on his back, and handcuffed behind his back.

22. Ultimately, when back-up officers arrived, one or more Defendant Officers uncuffed Palmer.

23. While uncuffed, Palmer's condition worsened; he was unable to communicate and lay motionless on the ground.

24. Defendant Officers still did not provide medical attention, assist or immediately call for urgent medical care.

25. At some later point, some officer arrived on scene and called for medical assistance.

26. When paramedics and firefighters arrived, Palmer slipped in and out of consciousness.

27. The paramedics and firefighters, City of Chicago employees, did not immediately care for Palmer.

28. Paramedics and firefighters did not provide immediate medical attention despite Palmer's urgent need for medical care.

29. As a result of the misconduct described above, Romello Palmer endured pain and suffering, emotional distress, and loss of his life.

## <u>COUNT I</u>
### 42 U.S.C. § 1983 – Failure to Provide Medical Attention

30. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

31. Plaintiff had a serious and obvious need for medical attention.

32. Defendant Officers were deliberately indifferent to this serious medical need by failing to take any action to provide medical attention, including not calling an ambulance, not calling for paramedics, not providing any medical treatment or accommodation to Plaintiff, not immediately uncuffing him, and waiting until additional officers requested an ambulance for Plaintiff.

33. This misconduct undertaken by Defendant Officers caused harm to Plaintiff.

4

34. This misconduct was objectively unreasonable and was undertaken intentionally with
    malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory
damages, punitive damages, costs and attorney's fees and such other and additional relief that
this court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Need

35. Plaintiff Jaywana Palmer, as Administrator for the Estate of Romello Palmer, re-alleges
    and incorporates by reference all of the allegations in the preceding paragraphs.

36. The actions of Defendant Officers as described above, whereby they allowed decedent to
    remain on the ground, on his back, handcuffed, and un-assisted, constituted deliberate
    indifference to Decedent's rights under the United States Constitution, thus violating the
    Fourth and Fourteenth Amendments to the United States Constitution.

37. As a result of the illegal conduct, Decedent suffered injuries.

38. The actions of Defendant Officers were objectively unreasonable and were undertaken
    intentionally with malice, willfulness, and reckless indifference to decedent's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory
damages, punitive damages, costs and attorney's fees and such other and additional relief that
this court deems equitable and just.

## COUNT III
### 42 U.S.C. §1983- Due Process/ Special Relationship
### Against All Defendant Officers

39. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if
    reinstated herein.

40. Under 42 U.S.C. §1983, a person who, acting under the color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

41. When the state has a special relationship with a citizen, such as when it takes the person into custody, the Constitution impose upon the state a corresponding duty to assume some responsibility for that citizen's safety and general well-being.

42. The Defendant Officers who were aware of Romello Palmer's urgent need for medical care and serious medical condition but failed to do anything to assist him or call for medical help, violated Plaintiff's Fourteenth Amendment Substantive Due Process Rights when they acted with deliberate indifference to a substantial risk that Plaintiff would be harmed.

43. Defendant Officers knew that there was a foreseeable risk that Plaintiff would be harmed if not given medical attention.

44. Defendant officers knew that Plaintiff was in custody and he had no other avenues of protection.

45. As a result of the Defendant Officers' conduct, Plaintiff sustained severe physical injuries that resulted in his death.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs' and attorneys' fees and additional relief that this Court deems equitable and just.

## COUNT IV

### 42 USC 1983: *Monell*
### Against Defendant City of Chicago

46. Plaintiff re-alleges and incorporates each of the foregoing paragraphs of this Complaint as if reinstated herein.

47. "But, it may happen that in the light of the duties assigned to specific officer or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonable be said to have been deliberately indifferent to the need." *City of Canton,Ohio v. Harris*, 489 US 378 (1989).

48. On September 4, 2017, Romello Palmer was in dire need of immediate medical attention, but Chicago police officers Nunez and Moranz did not provide or request any medical attention whatsoever, did not attempt to transport Palmer to a place where he could obtain medical assistance, and did not immediately request medical attention from any source. As a result of this failure to provide medical attention and deliberate indifference to his medical needs, Romello Palmer sustained severe physical injuries and, ultimately, death.

49. The constitutional violations detailed above were caused in part by the customs, policies, and practices of the defendants, as promulgated, enforced, and disseminated by City of Chicago and City of Chicago Superintendent Eddie Johnson and their various departments, agencies and subsidiaries, whereby those charged with ensuring compliance with the Constitution of the United States, in this case and many other cases, instead deliberately, willfully and wantonly encouraged the failure to provide medical attention to people who interact with police officers in the City of Chicago in violation of the United States Constitution.

50. The customs, policies, and practices that caused the constitutional violations herein alleged include:

    (a) the willful, wanton, and deliberately indifferent failure to train police officers on how to provide medical attention to those stopped by police;

(b) the willful, wanton, and deliberately indifferent failure to train police officers not to handcuff and leave prone those individuals who are unconscious or nearly unconscious;

(c) the willful, wanton, and deliberately indifferent failure to train police officers not to handcuff and leave on the ground those individuals who are having severe difficulty breathing;

(d) the willful, wanton, and deliberately indifferent failure to train police officers to immediately call for medical assistance upon seeing an individual with extreme difficulty breathing and/or loss of consciousness;

(e) the willful, wanton, and deliberately indifferent failure to train police officers to immediately call for medical assistance upon seeing an unconscious individual;

(f) the willful, wanton, and deliberately indifferent failure to train police officers to immediately call for medical assistance upon seeing an individual who appears under the influence of a controlled substance or alcohol;

(g) the willful, wanton, and deliberately indifferent failure to train police officers to immediately call for medical assistance upon seeing an individual who cannot communicate, stand up or move;

(h) the willful, wanton, and deliberately indifferent failure to train police officers to provide basic assistance upon seeing an individual who cannot communicate, stand up or move;

(i) a code of silence whereby officers refuse to report the unconstitutional misconduct of other officers, including the conduct alleged in this Complaint; and

(j) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional misconduct.

51. The polices, practices, and customs herein complained of are so prevalent and widespread with the Defendant City of Chicago as to put Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

52. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of Romello Palmer by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practice and customs listed above.

53. By acting willfully, wantonly, and deliberately indifferent towards to constitutional rights of Romello Palmer, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

54. As a proximate result of the above-detailed action of the Defendants and City of Chicago policy makers, Romello Palmer sustained fatal injuries that resulted in his death.

WHEREFORE, Plaintiff demands judgment against Defendant City for compensatory damages, costs and attorney's fees and such other and additional relief that this court deems equitable and just.

### COUNT V
**State-Law Wrongful Death Against City and City Employees**

**Wrongful Death (Or, In the Alternative, Negligent Conduct)**

55. Plaintiff, Jaywana Palmer, on behalf of the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

56. This is a wrongful death action brought pursuant to 740 ILCS 180/2.

57. Decedent Romello Palmer was pronounced dead on September 4, 2017.

58. Defendant City of Chicago's agents and employees owed a duty to Decedent that was breached through willful and wanton or negligent conduct, and the result was the death of Decedent.

59. Defendant City's agents and employees' willful and wanton or negligent conduct proximately caused the death of Decedent.

60. Plaintiff pleads negligence in the alternative to intentional or willful and wanton conduct should this Court find that Defendant City's agents or employees were not acting within the scope of their employment with the City or were not executing or enforcing the law during the relevant times.

61. By reason of the foregoing, Decedent's next of kin has suffered substantial pecuniary loss.

WHEREFORE, Plaintiff Jaywana Palmer, on behalf of the Estate of Romello Palmer, request that this Court enter Judgment in favor of Plaintiff and against Defendant City of Chicago for damages and such other relief as this Court deems just and proper.

## COUNT VI

### Wrongful Death- Survival Action (In the Alternative, Negligent Conduct)

62. Plaintiff, Jaywana Palmer, on behalf of the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

63. This is a Survival Action brought pursuant to 755 ILCS 5/27-6.

64. Defendant City's agents and employees owed a duty to Decedent that was breached through willful and wanton and/or negligent conduct, and the result was the death of Decedent.

65. The death of Decedent Craig Hall was proximately caused by the willful and wanton or negligent conduct of Defendant City's agents and employees, who breached their duty of care.

66. Defendant City's agents and employees' actions were willful and wanton or negligent.

67. Plaintiff pleads negligence in the alternative to intentional or willful and wanton conduct should this Court find that Defendant City's agents or employees were not acting within the scope of their employment with the City or were not executing or enforcing the law during the relevant times.

68. By reason of the foregoing, Decedent's next of kin has suffered substantial pecuniary loss.

WHEREFORE, Plaintiff Jaywana Palmer, on behalf of the Estate of Romello Palmer, request that this Court enter Judgment in favor of Plaintiff and against Defendant City of Chicago for damages and such other relief as this Court deems just and proper.

## COUNT VII

## NEGLIGENCE AS TO DEFENDANT CITY OF CHICAGO

69. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs

70. That at said time and place Defendant City of Chicago, acting through its agents and employees, including but not limited to Defendant Officers and firefighters and paramedics, had a duty to refrain from negligent conduct.

71. That at the time and place complained of, Defendant City's agents and employees failed to exercise due care and caution in their interaction with Romello Palmer and were negligent in one or more of the following respects:

    a. Failed to provide medical treatment;
    b. Failed to call an ambulance;
    c. Failed to request any emergency medical treatment;
    d. Failed to assist Palmer at all;
    e. Handcuffed an individual with obvious breathing difficulty;
    f. Handcuffed an individual with slurred speech;
    g. Handcuffed an individual who was semi-conscious;
    h. Handcuffed an individual who had fallen to the ground;
    i. Handcuffed an individual who appeared to be intoxicated or under the influence and allowed said individual to lay on the ground without assistance;
    j. A combination of one or more of the above acts.

72. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant City's agents and employees, Plaintiff suffered physical injuries, pain, and death.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Chicago for compensatory damages, costs and disbursements of this action.

## COUNT VIII – WILLFUL AND WANTON CONDUCT
## AS TO DEFENDANT CITY OF CHICAGO

73. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs

74. That at said time and place Defendant City of Chicago, acting through its agents and employees, including but not limited to Defendant Officers Moranz and Nunez, had a duty to refrain from willful and wanton conduct.

75. That at the time and place complained of, Defendant City's agents and employees failed to exercise due care and caution in their interaction with Romello Palmer and were willful and wanton in one or more of the following respects:

    a. Failed to provide medical treatment;
    b. Failed to call an ambulance;
    c. Failed to request any emergency medical treatment;
    d. Failed to assist Palmer at all;
    e. Handcuffed an individual with obvious breathing difficulty;
    f. Handcuffed an individual with slurred speech;
    g. Handcuffed an individual who was semi-conscious;
    h. Handcuffed an individual who had fallen to the ground;
    i. Handcuffed an individual who appeared to be intoxicated or under the influence and allowed said individual to lay on the ground without assistance;
    j. A combination of one or more of the above acts.

76. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant City's agents and employees, Plaintiff suffered physical injuries, pain, and death.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Chicago for compensatory damages, costs and disbursements of this action.

## COUNT IX - BREACH OF DUTY TO TRAIN AND SUPERVISE
## AS TO DEFENDANT CITY OF CHICAGO

77. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

78. In committing the acts or omission alleged in the preceding paragraphs, each of the individual Defendants were members of, and agents of, the City of Chicago, acting at all

relevant time within the scope of their employment.

79. At all times relevant to the issues raised in this complaint, the Defendant, CITY OF CHICAGO, owed a duty of reasonable care in regards to the training and supervision of its police department, officers of said police department and firefighters and paramedics in the City's employ.

80. On and before the date  at issue in this complaint, Defendant, CITY OF CHICAGO, breached its duty, as aforesaid, in that it failed to properly train and supervise the individual Defendant Officers and City of Chicago's agents and employees in the following manners:

   a. Interacting with individuals in need of immediate medical assistance;
   b. Handcuffing individuals who are having difficulty breathing, semi-conscious, unable to communicate, under the influence of alcohol or a controlled substance; and/or prone on the ground;
   c. Interacting with individuals who cannot move or communicate;
   d. Calling for immediate emergency medical assistance;
   e. Providing emergency medical assistance to individuals in police custody.

81. Further, the City of Chicago acted willfully and wantonly in failing to properly train in these areas, given numerous studies, lawsuits, and complaints that have given City of Chicago notice that police officers have not been properly trained in these areas and have caused serious injuries to citizens.

82. As a direct and proximate result of one or more of the aforesaid failures to train and supervise the Defendant Officers and individuals who are agents and employees of the City, Romello Palmer suffered physical injuries, pain, suffering and death.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Chicago for compensatory damages, costs and disbursements of this action.

## COUNT X
### State Indemnity Claim - 745 ILCS 10/9-102

83. Plaintiff Jaywana Palmer, as Administrator for the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

84. In committing the acts alleged, Defendant City employees were acting at all relevant times within the scope of their employment.

85. Defendant City of Chicago was the employer of Defendant Officers and other identified agents when they committed the acts described in the preceding paragraphs.

86. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

87. As a proximate cause of Defendant City's agents and employees unlawful acts, which occurred within the scope of their employment activities, Plaintiff Romello Palmer suffered physical and emotional injuries.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, attorneys' fees and such other and additional relief as this court deems equitable and just.

## COUNT XI
### *Respondeat Superior* Liability
### Against the City of Chicago for State Law Claims

88. Plaintiff Jaywana Palmer, as Administrator for the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

89. In committing the acts alleged, Defendant City employees were acting at all relevant times within the scope of their employment.

90. Defendant City of Chicago was the employer of Defendant Officers and other agents when they committed the acts described in the preceding paragraphs.

91. Defendant City of Chicago is liable for its employees' actions under the doctrine of *respondeat superior*.

92. The acts of Defendant Officers and City of Chicago agents and employees described in the state law claims specified above were committed in the scope of their employment as an employee of the Defendant City of Chicago.

93. As a proximate cause of Defendant Officers and City of Chicago agents and employees' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should any City of Chicago agent or employee be found liable on one or more of the state law claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiff obtains against said Defendant, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,
s/ Mary J. Grieb
Mary J. Grieb
One of the Attorneys for Plaintiff

Mary J. Grieb
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590
ARDC 6303421

15