IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAYWANA PALMER, as Administrator of the Estate of ROMELLO PALMER, deceased, </br></br>Plaintiff,</br>v.</br></br>THE CITY OF CHICAGO, Kenneth Moranz, Star #5687, Nicholas Nunez, Star #13672, Emil Hageline, Star #3213, Mitchell English, Star #7647, Nicholas Mukite, Star 15038, and Brian Collins, Star #16773,</br></br>Defendants. | Case No.  2018 CV 6054</br></br>Judge Robert W. Gettleman</br></br>Magistrate Judge Jeffrey Cummings</br></br>**JURY DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF CHICAGO'S MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER**

NOW COMES the Plaintiff, Jaywana Palmer, as Administrator of the Estate of Romello Palmer, by and through one of her attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, with the instant response to Defendants' motion for entry of a confidentiality protective order, and in support, states as follows:

1. Defendant City of Chicago has moved this Court for entry of a confidentiality protective order. Dkt. 47. Defendant attached the proposed confidentiality order as Exhibit A to its motion. Dkt. 47-1.

2. Defendant's counsel and Plaintiff's counsel conferred prior to Defendant filing the motion with the proposed order, but were unable to resolve disagreement about one section of the order.

3. For good cause, the court may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "To determine whether a party has shown good cause, the district court must

1

balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chicago*, 273 F.R.D. 421, 422 (N.D. Ill. Apr.8, 2011).

4. Plaintiff objects to Paragraph 1(b)(h) and (i), which state as follows:

> (h) employment, disciplinary, or other information that is of a sensitive or non-public nature regarding plaintiffs, defendants, non-party witnesses, non-party employees of the City of Chicago. Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of police officers and state's attorneys, including residential information; and (i) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute:
>> Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" (CR) files, "Universal" (U) files, or "Extraordinary Occurrence" (EO) files, or "Non-Disciplinary Intervention" (NDI) files) (collectively hereinafter referred to as "Log Files"), or by internal Chicago Police Department "Summary Punishment Action Requests" (SPARs). The parties reserve the right to seek greater protection of information or documents designated as Confidential Information through Court intervention or by agreement of the parties Information or documents that are available to the public may not be designated as Confidential Information.

5. As an initial matter, paragraph 1(b)(h) and (i) do not comport with the model order.

6. Additionally, paragraph 1(b)(h) is vague and arbitrary, especially as to the terms "other information that is of a sensitive or non-public nature" "private information in personnel files," "personal …information of police officers and state's attorneys."

7. In its motion for a protective order, Defendant fails to set forth good cause for the above language, fails to define what type of information is "personal," "sensitive," "private," and "…and the like," and improperly leaves open-ended what information it may designate confidential, i.e., "such information includes, but is not limited to,…".

8. Furthermore, employment applications of public employees are not *per se* confidential. See, *e.g*., Illinois Public Access Counselor Opinion 14-015.[1].

9. Plaintiff also objects to Paragraph 1(b)(i) because it provides no mechanism for public release or use of Complaint Register and similar files.[2]

10. In sum, Plaintiff asks this Court to strike the objected-to language from Defendant's proposed protective order and enter a confidentiality order with such objected-to language omitted.

**WHEREFORE**, for the foregoing reasons, Plaintiff requests that this Court grant in part and deny in part Defendant's motion for a confidentiality protective order in accordance with Plaintiff's objections, and for any other relief this Court deems equitable and just.

s/ Mary J. Grieb
Mary J. Grieb
One of the Attorneys for Plaintiff
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590
ARDC 6303421

---

[1] PAC 14-015 is available at http://foia.ilattorneygeneral.net/pdf/opinions/2014/14-015.pdf (last visited April 10, 2019).

[2] In two pending cases being litigated by the City of Chicago in which the undersigned has appeared, and two recently settled cases, the City has proposed, and Plaintiff has not objected to, a public release procedure for CR files after FOIA and other statutory redactions are made. See, e.g., *Carr v. City of Chicago, et al.*, Case No. 18-cv-5938, Dkt. 37-1; *Higgs v. City of Chicago, et al.*, Case No. 18-cv-00041, Dkt. 80; *Serrano, et al., v. City of Chicago, et al.*, Case No. 18-cv-2191, Dkt. 47; *Adams, et al. v. City of Chicago, et al.*, Case No. 18-cv-3193, Dkt. 31. Defendant's proposed order in the instant case does not have such a procedure.

**CERTIFICATE OF SERVICE**

I, Mary J. Grieb, hereby certify that a copy of the foregoing was filed electronically using the Court's CM/ECF system to the attorneys of record.

Respectfully submitted,


s/ Mary J. Grieb
Mary J. Grieb
Attorney for Plaintiff
Shiller Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590