IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAYWANA PALMER, as Administrator of the Estate of ROMELLO PALMER, deceased, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 18 cv 6054 |
| THE CITY OF CHICAGO, Kenneth Moranz, Star #5687, Nicholas Nunez, Star #13672, Emil Hageline, Star #3213, Mitchell English, Star #7647, Nicholas Mukite, Star 15038, and Brian Collins, Star #16773, ) ) ) ) ) ) ) | Judge GETTLEMAN<br><br>Magistrate Judge CUMMINGS |
| Defendants. ) | |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, JAYWANA PALMER, as Administrator of the Estate of Romello Palmer, by and through her counsel, complaining of the Defendants and in support thereof state as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**JURISDICTION**

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. §§1331 and 1343(a); and Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**VENUE**

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

1

## THE PARTIES

4. Plaintiff Jaywana Palmer is a resident of the United States and resides in the Northern District of Illinois. Jaywana Palmer is the mother of the decedent.

5. Plaintiff Jaywana Palmer, as administrator of the estate, also represents Romello Palmer (hereinafter "Decedent") who was, at the time of his death, a 21 year-old resident of Chicago, Illinois.

6. Kenneth Moranz, Star #5687, Nicholas Nunez, Star #13672, Emil Hageline, Star #3213, Mitchell English, Star #7647, Nicholas Mukite, Star 15038, Brian Collins, Star #16773, and additional unknown officers, are present or former employees of the City of Chicago. Defendant Officers acted under their authority as duly appointed police officers of the City of Chicago Police Department at all relevant times, and are sued in their individual and official capacity.

7. Ricardo Soto and John Fernandez were paramedics employed by the City of Chicago and acting within the scope of their employment at all relevant times. Soto and Fernandez appeared at the scene of the incident after police arrived.

8. Firefighters Porras, Schermer, Ortiz, Matthew Andersen, and Skanes were employed by the City of Chicago and acting within the scope of their employment at all relevant times. Porras, Schermer, Ortiz, Andersen and Skanes appeared at the scene of the incident after police arrived.

9. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the state of Illinois, and is or was the employer and principal of the individual defendants. At all times relevant hereto, Defendants were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

**BACKGROUND**

10. On the evening of September 4, 2017, Defendant Moranz approached and handcuffed an unconscious Romello Palmer as he lay in a lot behind the building at 1556 S. Pulaski Road in Chicago, Illinois at or around 8:10 pm.

11. Defendant Nunez handcuffed the person with Romello.

12. Both Defendants Moranz and Nunez jointly detained Romello.

13. At the time that Romello was handcuffed, neither Defendant Moranz nor Defendant Nunez had a reasonable and articulable suspicion to detain him and Plaintiff posed no physical threat to the officers.

14. In fact, Defendant Officers released the person who was with Romello precisely because they had no legal basis to detain them.

15. While Romello was in the custody of Defendants Moranz and Nunez they observed that he was unconscious and incapable of responding to their commands.

16. Regardless of whether Defendants Nunez and/or Moran knew of what specifically ailed Romello, they should reasonably have known that Romello needed medical care.

17. Loss of consciousness is an objectively serious medical condition that requires medical attention.

18. According to CPD General Orders and/or policy and practice, Defendant Officers had a duty to immediately request medical help for a person in their custody whenever he or she requests medical help regardless of whether that person exhibits that he or she is suffering from an objectively serious medical condition.

19. According to CPD General Orders, Defendant Officers do not have a duty to immediately request medical help whenever they observe a person in their custody suffering from an objectively serious medical condition if that person does not request it.

20. CPD General Orders only speak to the immediacy of a sickness or injury as opposed to its seriousness.

21. CPD General Orders violate the 4th Amendment of the Constitution of the United States by not requiring officers to seek medical attention for a person in their custody whenever he or she is suffering from an objectively serious medical condition.

22. Although Romello was suffering from an objectively serious medical condition, no medical attention was immediately sought for him nor provided to him.

23. CPD General Orders do not require Officers to either seek or provide medical attention when a person in their custody loses consciousness.

24. Defendants Moranz and Nunez did not immediately seek to provide any medical support for Romello or seek medical attention for Romello.

25. Eventually Romello was uncuffed; however, even after additional officers arrived on the scene they did not immediately request medical assistance for Romello. The additional officers also did not attempt to provide Romello with medical assistance.

26. As a result of the Defendant Officers' delay, paramedics did not reach Romello until at or around 8:30 pm.

27. At the time Defendant Officers took Romello into custody, he was not beyond saving.

28. However, by the time paramedics arrived on scene it was too late. Despite attempting life-saving resuscitation, Romello never regained consciousness and was pronounced dead at 9:11 pm.

29. As a result of the misconduct described above, Romello Palmer endured pain and suffering, emotional distress, and loss of his life.

## COUNT I:
### 42 U.S.C. § 1983 – Fourth Amendment Violation

43  Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

44  The seizure of Romello Palmer, performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of his right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

45  As a direct and proximate result of the above-detailed actions of the defendants, Romello was injured, including the deprivation of his liberty and the taking of his person and property. In addition, the violations proximately caused Romello to suffer, without limitation, pain, suffering, and death.

WHEREFORE the Plaintiff, JAYWANA PALMER, as Administrator of the Estate of Romello Palmer, purusant to 42 U.S.C. §1983, demands judgment against the Defendant Officers, NUNEZ and MORAN, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II:
### 42 U.S.C. § 1983 – Failure to Provide Medical Attention

46  Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

47  Plaintiff had a serious and obvious need for medical attention.

48  Defendant Officers were deliberately indifferent to this serious medical.

49  As a result of the unjustified and unconstitutional conduct of Defendants, Plaintiff experienced pain and suffering, emotional distress, injury, and, ultimately, death.

50. Prior to the events giving rise to this Complaint, Defendant City had notice of deficiencies in their general orders pursuant to which persons in police custody like Romello with serious medical needs were routinely denied medical care because of their inability to verbalize the need. It is common to see persons in police custody with clear symptoms of serious medical needs who are never medically evaluated, or whose treatment is delayed or completely ignored because they did not verbalize the need for medical attention.

51. Specifically, CPD's policy that does not require police to request medical attention for persons who are unconscious—or otherwise rendered unable due to medical necessity to request medical attention—is unconstitutional.

52. By taking persons into custody, CPD owes them a constitutional duty under the Fourth Amendment that their general orders abdicate by not requiring officers to request medical care for persons in custody who exhibit objectively serious medical conditions.

53. Despite knowledge of this is problematic policy, Defendant City does nothing to ensure that persons in custody receive adequate medical care and access to medical care, thereby acting with deliberate indifference.

54. This unconstitutional practice is allowed to flourish because Defendant City directly encourages the very type of misconduct at issue in this case, failed to provide adequate training and supervision of its officers, and does not punish and discipline officers who fail to render medical assistance although it is objectively required. In this way, Defendant City violated Romello's rights by maintaining this policy and it was the moving force of the foregoing constitutional violations.

55   At all times relevant to their involvement in this case, all Defendants were responsible for the creation, implementation, oversights and supervision of general order(s) regarding medical care for persons in police custody; the training of officers on requesting/providing medical care to persons in custody; and providing persons in custody access to medical care.

56   Romello's death was caused by employees of Defendant City, including but not limited to the individually-named defendants, who acted pursuant to the foregoing policy engaged in the misconduct described in this Count.

WHEREFORE Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs and attorney's fees and such other and additional relief that this court deems equitable and just.

## COUNT III:
## 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Need

57   Plaintiff Jaywana Palmer, as Administrator for the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

58   The actions of Defendant Officers as described above, whereby they allowed decedent to remain on the ground, on his back, handcuffed, and un-assisted, constituted deliberate indifference to Decedent's rights under the United States Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

59   As a result of the illegal conduct, Decedent suffered injuries.

60   The actions of Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to decedent's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees and such other and additional relief that this court deems equitable and just.

## COUNT IV:
## 42 U.S.C. §1983- Due Process/ Special Relationship

61  Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

62  Under 42 U.S.C. §1983, a person who, acting under the color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

63  When the state has a special relationship with a citizen, such as when it takes the person into custody, the Constitution impose upon the state a corresponding duty to assume some responsibility for that citizen's safety and general well-being.

64  The Defendant Officers who were aware of Romello Palmer's urgent need for medical care and serious medical condition but failed to do anything to assist him or call for medical help, violated Plaintiff's Fourteenth Amendment Substantive Due Process Rights when they acted with deliberate indifference to a substantial risk that Plaintiff would be harmed.

65  Defendant Officers knew that there was a foreseeable risk that Plaintiff would be harmed if not given medical attention.

66  Defendant officers knew that Plaintiff was in custody and he had no other avenues of protection.

67  Prior to the events giving rise to this Complaint, Defendant City had notice of deficiencies in their general orders pursuant to which persons in police custody like Romello with serious medical needs were routinely denied medical care because of their

inability to verbalize the need. It is common to see persons in police custody with clear symptoms of serious medical needs who are never medically evaluated, or whose treatment is delayed or completely ignored because they did not verbalize the need for medical attention.

68   Specifically, CPD's policy that does not require police to request medical attention for persons who are unconscious—or otherwise rendered unable due to medical necessity to request medical attention—is unconstitutional.

69   By taking persons into custody, CPD owes them a constitutional duty under the Fourth Amendment that their general orders abdicate by not requiring officers to request medical care for persons in custody who exhibit objectively serious medical conditions.

70   Despite knowledge of this is problematic policy, Defendant City does nothing to ensure that persons in custody receive adequate medical care and access to medical care, thereby acting with deliberate indifference.

71   This unconstitutional practice is allowed to flourish because Defendant City directly encourages the very type of misconduct at issue in this case, failed to provide adequate training and supervision of its officers, and does not punish and discipline officers who fail to render medical assistance although it is objectively required. In this way, Defendant City violated Romello's rights by maintaining this policy and it was the moving force of the foregoing constitutional violations.

72   At all times relevant to their involvement in this case, all Defendants were responsible for the creation, implementation, oversights and supervision of general order(s) regarding medical care for persons in police custody; the training of officers on

requesting/providing medical care to persons in custody; and providing persons in custody access to medical care.

73   Romello's death was caused by employees of Defendant City, including but not limited to the individually-named defendants, who acted pursuant to the foregoing policy engaged in the misconduct described in this Count.

74   As a result of the Defendant Officers' conduct, Plaintiff sustained severe physical injuries that resulted in his death.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs' and attorneys' fees and additional relief that this Court deems equitable and just.

## COUNT V:
### Wrongful Death - Against City and City Employees
### (Or, In the Alternative, Negligent Conduct)

75   Plaintiff, Jaywana Palmer, on behalf of the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

76   This is a wrongful death action brought pursuant to 740 ILCS 180/2.

77   Decedent Romello Palmer was pronounced dead on September 4, 2017.

78   Defendant City of Chicago's agents and employees owed a duty to Decedent that was breached through willful and wanton or negligent conduct, and the result was the death of Decedent.

79   Defendant City's agents and employees' willful and wanton or negligent conduct proximately caused the death of Decedent.

80   Plaintiff pleads negligence in the alternative to intentional or willful and wanton conduct should this Court find that Defendant City's agents or employees were not acting within

the scope of their employment with the City or were not executing or enforcing the law during the relevant times.

81  By reason of the foregoing, Decedent's next of kin has suffered substantial pecuniary loss.

WHEREFORE, Plaintiff Jaywana Palmer, on behalf of the Estate of Romello Palmer, request that this Court enter Judgment in favor of Plaintiff and against Defendant City of Chicago for damages and such other relief as this Court deems just and proper.

### COUNT VI:
### Wrongful Death Survival Action - Against City and City Employees
### (In the Alternative, Negligent Conduct)

82  Plaintiff, Jaywana Palmer, on behalf of the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

83  This is a Survival Action brought pursuant to 755 ILCS 5/27-6.

84  Defendant City's agents and employees owed a duty to Decedent that was breached through willful and wanton and/or negligent conduct, and the result was the death of Decedent.

85  The death of Decedent Craig Hall was proximately caused by the willful and wanton or negligent conduct of Defendant City's agents and employees, who breached their duty of care.

86  Defendant City's agents and employees' actions were willful and wanton or negligent.

87  Plaintiff pleads negligence in the alternative to intentional or willful and wanton conduct should this Court find that Defendant City's agents or employees were not acting within the scope of their employment with the City or were not executing or enforcing the law during the relevant times.

88    By reason of the foregoing, Decedent's next of kin has suffered substantial pecuniary loss.

WHEREFORE, Plaintiff Jaywana Palmer, on behalf of the Estate of Romello Palmer, request that this Court enter Judgment in favor of Plaintiff and against Defendant City of Chicago for damages and such other relief as this Court deems just and proper.

## COUNT VII:
## State Indemnity Claim - 745 ILCS 10/9-102

89    Plaintiff Jaywana Palmer, as Administrator for the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

90    In committing the acts alleged, Defendant City employees were acting at all relevant times within the scope of their employment.

91    Defendant City of Chicago was the employer of Defendant Officers and other identified agents when they committed the acts described in the preceding paragraphs.

92    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

93    As a proximate cause of Defendant City's agents and employees unlawful acts, which occurred within the scope of their employment activities, Plaintiff Romello Palmer suffered physical and emotional injuries.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, attorneys' fees and such other and additional relief as this court deems equitable and just.

## COUNT VIII:
### *Respondeat Superior* Liability – Against the City of Chicago

94	Plaintiff Jaywana Palmer, as Administrator for the Estate of Romello Palmer, re-alleges and incorporates by reference all of the allegations in the preceding paragraphs.

95	In committing the acts alleged, Defendant City employees were acting at all relevant times within the scope of their employment.

96	Defendant City of Chicago was the employer of Defendant Officers and other agents when they committed the acts described in the preceding paragraphs.

97	Defendant City of Chicago is liable for its employees' actions under the doctrine of *respondeat superior*.

98	The acts of Defendant Officers and City of Chicago agents and employees described in the state law claims specified above were committed in the scope of their employment as an employee of the Defendant City of Chicago.

99	As a proximate cause of Defendant Officers and City of Chicago agents and employees' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should any City of Chicago agent or employee be found liable on one or more of the state law claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiff obtains against said Defendant, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

        Respectfully Submitted,

        **JAYWANA PALMER**

By:   /s/ Jeanette Samuels
        *One of Plaintiff's Attorneys*

Samuels & Associates, Ltd.
2925 S. Wabash Ave, Suite 104
Chicago, Illinois 60616
T: 872-588-8726
F: 872-444-3011
E: sam@chicivilrights.com